UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE D. PAYNE, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-264-JD-JEM |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Andre D. Payne, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Indiana State Prison (ISP 24-04-957) in which he was found guilty of battery. (ECF 1.) The charge was initiated on April 16, 2024, when Officer M. Doles wrote a conduct report stating as follows:

> On 4/15/2024 at approx. 11:20 pm I Officer M. Doles was escorting an incarcerated individual back to [his] assigned cell. When incarcerated individual Payne, Andre # 150319 attempted to throw multiple batteries at that incarcerated individual that I was escorting but missed and hit me. At this time, I finish[ed] escorting the incarcerated individual back to [his] cell without any further incident.

(ECF 5-1.) Following a hearing, Payne was found guilty. (ECF 1-1.) He appealed, and the Indiana Department of Correction (IDOC) final reviewing authority designated the case for rehearing before a different hearing officer.[1] (*Id.*)

---

[1] The present record does not reveal why the case was remanded for a new hearing.

On December 16, 2024, Payne was notified that the case was being reheard and provided with a new screening report. (ECF 5-2.) He pled not guilty and made the following comments:

> The camera review does not support conduct report. The camera shows that when [inmate] Rogers was in front of cell 507 my cell and the officer was in front of 506 and the batteries were thrown straight out of my cell to [inmate] Rogers as shown on the camera.

(ECF 5-3 at 1). He did not request any witnesses but requested the following physical evidence: (1) a picture of the batteries; (2) a copy of the report of the hearing officer's review of the camera evidence from the original hearing; and (3) a review of available camera evidence. (ECF 5-2.) The screening officer informed him that no pictures of the batteries had been taken,[2] but provided him with a copy of the report he requested. (*Id.*) The camera evidence was not disclosed to Payne for security reasons, but the new hearing officer reviewed the camera evidence and summarized it as follows: "Review shows offender Payne throwing batteries and striking Officer Doles in the chest. Backing up conduct report." (ECF 5-3 at 2.)

The case proceeded to a hearing on December 19, 2024, and Payne was found guilty. (*Id.*) Among other sanctions, he lost 90 days of earned credit time. (*Id.*) He appealed through administrative channels, but his appeals were denied. (ECF 5-5; ECF 5-6.)

When a prisoner loses earned credit time in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees him certain procedural

---

[2] The conduct report reflects that Officer Doles disposed of the batteries. (ECF 5-1.)

2

protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The court understands Payne to be raising the following claims: (1) he was denied evidence; (2) he was denied adequate notice of the charge; and (3) there was insufficient evidence to support the guilty finding. (ECF 1.) The respondent argues that these claims are without merit.[3] (ECF 5.)

Payne first claims that he was denied evidence. (ECF 1 at 3.) Inmates have a right to request and present evidence when consistent with institutional safety and correctional goals. *Wolff*, 418 U.S. at 564. Here, Payne requested a picture of the batteries, but no pictures existed. (ECF 5-2; ECF 5-1.) The hearing officer cannot be faulted for failing to turn over evidence that did not exist. *Wolff*, 418 U.S. at 556. Payne also requested a copy of the hearing officer's report from the original hearing summarizing the camera evidence, and a copy of this report was provided to him. (ECF 5-2.) Finally, he requested a review of the available camera evidence, and the hearing

---

[3] By operation of N.D. IND. L. CR. R. 47-2, Payne's traverse was due July 5, 2025. None was filed by that deadline. As a courtesy, the court on its own motion extended the deadline to September 5, 2025. (ECF 9.) That deadline has also passed and no traverse was filed.

3

officer reviewed this evidence and considered it in reaching a decision.[4] (ECF 5-3 at 2.) The record does not show that Payne was denied any existing evidence that he requested.

Payne may be arguing that he should have had the opportunity to view the camera evidence for himself. However, due process afforded him a right to request evidence in his defense, but not necessarily to personally review the evidence. *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). That is because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public." *Id.* The evidence was considered by the hearing officer, which is all that due process required.

Additionally, the court has reviewed the camera evidence and concludes that it was properly withheld from Payne. If it were disclosed, it could reveal the location and capability of cameras within the prison and jeopardize prison security. *See Wolff*, 418 U.S. at 566; *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Additionally, the right to disclosure only applies to evidence that is exculpatory, which in this context means "evidence which tends to establish innocence." *Wilson v. Castaneda*, 143 F.4th 814, 819 (7th Cir. 2025). Given the camera angle and the quality of the video, it is difficult to tell from the video whether Officer Doles was hit in the chest with the batteries. However, the video does not tend to establish Payne's innocence. Instead, it corroborates Officer

---

[4] If he is arguing that the hearing officer did not follow prison policy in connection with her report summarizing the camera evidence, this does not provide a basis for granting him federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see also Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (observing that prisoner's "arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process").

Doles' account. It shows her escorting another inmate down the hallway, and when they pass Payne's cell he throws something through the bars. Officer Doles and the other inmate both appear to wince, and Officer Doles immediately turns toward Payne and speaks to him before continuing to escort the other inmate down the hallway. Payne has not shown that he was denied evidence in violation of due process.

Within this claim, Payne also argues that he was denied adequate notice of the charge. (ECF 1 at 3.) Under *Wolff*, an inmate must be given at least 24 hours' advance notice of the charge, and the notice given "should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). Here, Payne was rescreened on December 16, 2024, after the case was remanded for a new hearing. (ECF 5-2.) The new hearing was held on December 19, 2024, more than 24 hours later. (ECF 5-3 at 2.) The conduct report stated that he was charged with "battery against staff" in violation of A-117 of the disciplinary code and provided the time, date, and location of the incident. (ECF 5-1.) It also contained a description of what occurred, namely, that Payne threw batteries that hit Office Doles as she was escorting another inmate past his cell. (*Id*.) The conduct report provided all the information he needed to mount a defense. *Northern*, 326 F.3d at 911. He did in fact mount a defense, arguing that he threw the batteries at the inmate, not Officer Doles, and that there was insufficient evidence the batteries actually hit Officer Doles. He has not demonstrated a due process violation on this ground.

Payne next challenges the sufficiency of the evidence. In a disciplinary proceeding, evidence will satisfy due process if it passes the "some evidence" test. *Hill*,

5

472 U.S. at 455. "This lenient standard requires no more than 'a modicum of evidence.'" *Wilson*, 143 F.4th at 819 (citation omitted). The court's "inquiry ends once this meager threshold has been crossed." *Id.* (citation and internal quotation marks omitted). It is not the province of a federal habeas court to reweigh the evidence to make its own determination of guilt or innocence. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Rather, "the relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Wilson*, 143 F.4th at 819 (citation omitted). A conduct report by itself can be sufficient evidence to support a finding of guilt if it provides sufficient detail. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Likewise, circumstantial evidence can be enough to satisfy the some evidence test. *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996).

Payne was found guilty of violating A-117 of the disciplinary code, defined as "[c]ommitting battery against a staff person, volunteer, independent contractor, or visitor." (ECF 5-7 at 3.) Battery, in turn, is defined as "[k]nowingly or intentionally touching another person in a rude, insolent or angry manner[.]"[5] (ECF 5-8 at 3.) Officer Doles' account provides sufficient evidence that Payne violated this rule. Specifically, she stated in the conduct report that as she was escorting another inmate down the hallway, Payne threw batteries that hit her. (ECF 5-1.) Her account is sufficient evidence

---

[5] "Rude" and "insolent" are not defined by the IDOC disciplinary code, but Webster's Dictionary defines rude as "offensive in manner or action" or "discourteous." WEBSTER'S DICTIONARY, *Rude.* https://www.merriam-webster.com/dictionary/rude. Certainly throwing and hitting someone with a hard object qualifies as discourteous, and Payne does not argue otherwise. The court notes that throwing an object that touches an individual amounts to "touching" in this context. *See Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987); *Harrison v. Superintendent*, No. 3:13-CV-099 JD, 2013 WL 5707244, at *3 (N.D. Ind. Oct. 21, 2013).

to support the guilty finding. *See Hawkins v. Vanihel*, No. 23-3352, 2024 WL 3251289, at *2 (7th Cir. July 1, 2024) (conduct report detailing correctional officer's account of incident was sufficient evidence to support finding that prisoner committed battery); *Harrison v. Superintendent*, No. 3:13-CV-099 JD, 2013 WL 5707244, at *3 (N.D. Ind. Oct. 21, 2013) (evidence was sufficient even though video was inconclusive as to whether petitioner threw liquid on a guard, where guard stated in conduct report that his shirt was wet after this incident and video corroborated aspects of guard's account).

Indeed, Payne admitted to intentionally throwing batteries into the hallway during this incident. (*See* ECF 5-3 at 1.) Although he claims he did not intend to harm Officer Doles, intent to harm is not an element of the offense as defined by the disciplinary code. (ECF 5-7 at 3; ECF 5-8 at 3.) He also suggests there was no proof that Officer Doles suffered a significant injury as a result of this incident. This appears to be true, but the disciplinary code does not require that the victim suffer any particular type of injury for a battery to have occurred. *See Hawkins*, No. 23-3352, 2024 WL 3251289, at *2 (offense of battery under Indiana prison disciplinary code "does not contain an element of bodily injury to the victim"). He has not established a due process violation.

For these reasons, the court DENIES the petition (ECF 1), and DIRECTS the clerk close this case.

SO ORDERED on October 14, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT